Garvin B. Ferguson
vs.
United Electric Railways Co.
} No. 78658.

December 29, 1931.

CHURCHILL, J. Motion for a new trial after verdict for the plaintiff for $3,000.

The plaintiff, a man about 60 years of age was struck by an electric car while he was attempting to cross Smith street in the vicinity of Oakland avenue. Smith street in this vicinity runs east and west and is occupied by two sets of tracks, the inbound tracks between which the accident occurred being on the south side of the street. A white post was located on the south side of Smith street and 115 feet west from the corner of Oakland avenue. The plaintiff had alighted from an automobile on the south side of Smith street intending to cross to a church on the other side of the street. He testified that he went to the rear of the automobile, looked westerly up Smith street, saw an electric car approaching on the inbound track about 30 feet the other side of the white post; that the point where he then stood was about 60 feet east of the white post; that it was dusk at the time and that after looking up the street, he stepped out into the street and was between the inbound tracks when he heard the car, looked up, saw the car upon him, hesitated, attempted to step back and was struck. He further testified that when he observed the car west of the white post it was going, he judged, at the rate of between 25 and 30 miles an hour. He said he saw a woman standing at the white post with her hand up, and supposed that the car would stop to allow her to board it as he had seen cars in that vicinity stop at the white post on other occasions when signalled to do so.

There was no testimony on his part that he observed the car slowing up as it approached the white post or that it gave any indication that it was about to stop. His testimony was corroborated as to the speed of the car by the woman who was standing at the white post. Five passengers on the car, who were apparently disinterested witnesses, described the speed of the car as moderate, or not unusual, or as going slowly. One of the passengers, who occupied a favorable position for observation, testified that he saw the plaintiff standing in a safe position and that just before the car got to him, he stepped in front of it and the car struck him. There is trustworthy testimony that the car ran only a short distance after the accident occurred.

The weight of the evidence shows that the plaintiff stepped from a position of safety onto the inbound track, without looking, very close to and in front of an approaching electric car which was going at a moderate rate of speed, and that the car was brought to a stop within a short distance from the point of the accident.

The testimony of the plaintiff and of the woman who was standing at the white post is not sufficient to sustain the verdict in view of the weight of the testimony produced by the defendant.

In addition to the obvious interest of the plaintiff himself, it was admitted that his memory was defective. The woman who gave corroborative testimony was friendly with members of the family of the plaintiff. Her appearance did not impress the Court favorably. Her testimony cannot be relied on, in the judgment of the Court.

The verdict is against the weight of the evidence on the issue of negligence.

The verdict is also against the weight of the evidence and against the law on the question of due care of the plaintiff. The plaintiff stepped into a position of danger immediately in front of an electric car. He did not look at a point where he was called

upon to look. His excuse that he thought the electric car would stop at the white post was not sufficient, as a matter of fact, under the circumstances, to relieve him from the exercise of due care when about to get into a position of danger.

On the facts as shown to exist by the weight of the credible evidence in this case, the verdict cannot be sustained.

> Beattie vs. U. E. Rys. Co., 50 R. I. 190.

The motion for a new trial is granted.

For plaintiff: George J. West.

For defendant: Clifford Whipple, Earl Sweeney.